Juarez-Munoz v. Sessions

BIA
Montante, IJ
A200 562 138

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of November, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

FRANCISCO RONALDI JUAREZ-MUNOZ,
      *Petitioner,*

      v.                   16-2843
                           NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:**        Jose Perez, Syracuse, NY.

**FOR RESPONDENT:**        Chad A. Readler, Acting Assistant Attorney General; Cindy S.Ferrier, Assistant Director; Song E. Park, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francisco Ronaldi Juarez-Munoz, a native and citizen of Mexico, seeks review of a July 13, 2016, decision of the BIA affirming a June 4, 2015, decision of an Immigration Judge ("IJ") denying Juarez-Munoz's motions to reconsider and reopen. *In re Francisco Ronaldi Juarez-Munoz,* No. A200 562 138 (B.I.A. July 13, 2016), *aff'g* No. A 200 562 138 (Immig. Ct. Buffalo, N.Y. June 4, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of motions to reconsider and reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the . . . decision provides no rational explanation, inexplicably departs from established policies, is devoid of any

2

reasoning, or contains only summary or conclusory statements." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted).

A motion to reconsider must be filed within 30 days of the "entry of a final administrative order of removal," and a motion to reopen must be filed within 90 days. 8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i); 8 C.F.R. § 1003.23(b)(1). At Juarez-Munoz's request, the IJ issued a voluntary departure order in October 2014. That order became a "final administrative order of removal" 30 days later, in November 2014, when Juarez-Munoz's time to appeal to the BIA expired. 8 U.S.C. § 1101(a)(47)(B) (providing, in relevant part, that a removal order becomes final on "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"). Juarez-Munoz's February 2015 motion to reconsider and April 2015 motion to reopen were therefore untimely.

The agency denied *sua sponte* reconsideration based on Juarez-Munoz's concession of alienage. We lack jurisdiction to review a decision declining to reconsider or reopen *sua sponte* absent a misperception of the law,

3

which did not occur here. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Juarez-Munoz argues that the BIA misperceived the law with regard to the Fourth Amendment claim that his concession of alienage was illegally obtained, and must therefore be suppressed. But suppression is unwarranted where a concession of alienage is "not fruit of the illegality, but of an intervening act of free will, *i.e.*, an alien's own choice to concede his removability." *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 236 (2d Cir. 2014) (internal quotation marks omitted). As in *Vanegas-Ramirez*, Juarez-Munoz's concession was the product of a tactical decision to obtain voluntary departure and avoid the stigmas and penalties associated with forced removal. *Id*. at 235; *see Thapa v. Gonzales*, 460 F.3d 323, 328 (2d Cir. 2006) (describing benefits of voluntary departure). Moreover, the agency did not err in finding an unsigned affidavit to be insufficient evidence of a Fourth Amendment violation. *See Maldonado v. Holder*, 763 F.3d 155, 161 (2d Cir. 2014) (explaining that "unless a petitioner is first

4

required to submit an affidavit that could support a basis for excluding the evidence, an evidentiary hearing would be required in every deportation proceeding" (internal quotation marks and citation omitted)).

Juarez-Munoz sought reopening so that he could seek a favorable exercise of prosecutorial discretion in the form of Deferred Action for Parents of Americans and Lawful Permanent Residents, a program the Government has rescinded. Accordingly, the motion sought relief that no longer exists.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Juarez-Munoz's request for stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5